Smith, Hampton, Green, and Jackson. We are counsel for Mr. Smith. Good morning, Your Honor. May it please the Court. Derek Smith's 18th birthday was June 28, 2007. That was approximately a year and a half after the RICO conspiracy began. And the vast majority of the criminal conduct that was alleged in the indictment and most of the overt acts that were listed on the jury sheet took place prior to his 18th birthday. The only act that took place after his 18th birthday, of which, in that indictment, was the attempted murder of Eric Clay. And of the five overt acts that were listed on the jury sheet, that was the only one of which he was acquitted. So the only acts, the only overt acts of which he was convicted, all took place prior to his 18th birthday. The law requires that the jury be instructed to make a determination as to whether the defendant ratified his conduct in the conspiracy after his 18th birthday. You think the law requires that the jury so be instructed? I mean, you're arguing that we should find the law so requires. Well, I would rely on the Machen case, Your Honor. That is a Sixth Circuit case that we've incorporated. You recognize that we are not governed by Sixth Circuit authority. I do recognize that, Your Honor. And that's an unpublished opinion anyway. But the reasoning is sound, Your Honor. Well, I know, but it is doubly something that we're not bound by. And Wong, which we are bound by, makes really quite clear that if there is evidence of ratification after 18, that that's enough. Now, maybe Wong is Wong, but that's not for us to say, is it? Well, actually, that was what I wrote in my brief, is Wong is wrong. Yeah, I know you did, and that's an argument that you make to the Supreme Court. I mean, we are bound by that decision, are we not? Well, I believe that this Court actually can make adjustments to precedent, to decisions like Wong. And I think that the Court should take into consideration the particulars of this case, where you have this jury verdict sheet, and the only thing that the defendant did after his 18th birthday was the one that had the not guilty box checked. You say the only thing the defendant did. I mean, there was evidence in the record that he took various actions after he turned 18, including fleeing on foot when he was stopped in the car. That is correct. And also fleeing again, I guess, where there were drugs in the car. And that the Court or a fact finder could have found that those acts reflected ratification. Isn't that correct? That is correct, Your Honor. That is correct. But we still have a case. Isn't this the very type of case where we should look at plain error most fiercely? Because I don't mean that you or the lawyer then intended to sandbag. But this is exactly the kind of situation where by not raising it, by not objecting early, you create something in which whatever error there may have been was not cured. That is, if somebody had said something, it wouldn't. And the question of whether it should be a jury or not a jury issue was in doubt. But district court could, the trial court, could perfectly well have said to the jury, were there these things? I can't. That may very well be, Judge Calabresi. At the same time, though, you have a man with a 50-year sentence. Most of the conduct that he committed, he committed when he was 16 and 17 years old. And the underpinnings of Wong and the underpinnings of the JDA had absolutely no applicability in his case. All right, thank you very much. You've reserved two minutes for rebuttal. Thank you. Ms. Schneider? May it please the Court. I'm Tina Schneider. I'm here for Russell Hampton. Could you move the microphone down a little bit so you're speaking directly into it? Okay. Thank you. Great. I'd like to start with our sentencing issue. Originally, there was a mistake in applying the grouping rules, which meant that Mr. Hampton was placed at a total offense level of 41 when he should have been at a level 40. No one noticed. No one objected. The Court varied. We all agree right now that that was an error, correct? Great. And so the issue really, the Government agrees there was an error and that it was a clear error. The disagreement between us is about whether that affected Mr. Hampton's substantial rights. We held in Bennett that it did. I mean, Bennett is directly in point. I wrote the opinion in a case like that, and it said in a situation like this, it does. And it is plain error. The Government doesn't cite Bennett. You cited in reply brief, which is understandable because Bennett came down in between. But I don't see what the issue is unless the fact that they went down for some other reason, namely the change of a guideline, takes away your right to appeal on the initial one. And, frankly, I don't see why that would be. I think that's completely irrelevant. I agree, Your Honor. The Government does make that argument, that this Court cannot address a challenge to a sentence that no longer exists, that is the original sentence of 300 months on the conspiracy counts, because it was then reduced to 292 months on the 3582 motion. But that does not make sense. He didn't waive his right to challenge the sentencing procedure, original sentence. Isn't it the fact that there is a statute which, in combination with the policy statement, I'm not sure I'm talking about the same thing as you are, but it is my impression, if you're talking about the reduction of sentence by virtue of the change in the guideline, the statute, as I understand it, when taken in combination with the policy statement, forbids a reduction below the lowest level permitted by the guideline. And that's a statutory command, not a policy statement command. And the judge did go down to 292, and he had no authority to go any lower. That's our point exactly, Your Honor. In the 3582 proceeding, the judge did not have the authority to downwardly depart from that correct guideline. But you're not challenging that. No. That is exactly what he did. He could not have gone further, and that's it. That's... And you are saying, but I might have gotten a lower sentence had he been right in the initial sentencing, and this has nothing to do with the change in, I took advantage of that to go down to 292, but that doesn't waive my saying that the original sentence was wrong. So you would say that the initial error infected the whole sentencing proceedings, including the second go-round. Is that right? That's exactly what we're saying. And you see no statutory bar then to resentencing. Okay. Thank you. Thank you. And I'd just like to touch now upon the 924C issue, which is whether RICO conspiracy is a crime of violence within 924C. The government in its brief contends that RICO conspiracy falls within the force clause. That is, they contend that it's a felony that has as an element the use, attempted use, or threatened use of physical force. But as the judge instructed the jury in this case, and as the government requested that the judge instruct the jury in this case, RICO conspiracy has three elements, none of which involve force. An agreement to which the defendant knowingly entered that someone would commit at least two racketeering acts. It's notable for what the jury doesn't have to find. That the conspirators actually engaged in the racketeering activities, or that the objective or purpose of the conspiracy was achieved at all. But haven't we said that people who are in a conspiracy, which involves violence, are themselves charged with that violent behavior? I think the case was Elser or something like that. If you put that together with a case I can never pronounce, Izanagi, then don't you have, even under a modified categorical, which is essentially what we're doing, enough so that the crime of violence is there? A couple of things about that. First, it's clear that this doesn't fall within the force clause, which is what the government relied upon in its brief. There is case law from this court that says a conspiracy to do a violent crime falls within the residual clause. That case law is wrong. It's been implicitly, we think, overruled by subsequent Supreme Court cases. I did file a motion for en banc consideration in case this court finds that it cannot, as a panel of this court, overrule that prior line of cases, starting with Chimuranga. But the point here is that the force clause in 924C refers to force used in the commission of the offense. And the commission of the offense is that agreement. And the court's prior rulings that say, oh, a conspiracy to commit a violent act is itself a violent act, rest on the proposition that when people talk about doing this violent crime, it's more likely that that violent crime will happen in the future. And based on Leo Powell and then language in Johnson more recently, there's a temporal limitation in the definition of 924C that I don't think this court honored in its prior rulings on this issue. Thank you very much. Thank you. Mr. Wicks. Good morning. I'm Jeff Wicks. May it please the court. I'm here on behalf of Michael Jackson, the defendant appellant here. I would just like to underscore a couple of points regarding the Juvenile Delinquency Act, first taken up by my colleague, Mr. Perez, and I will be brief, because I know he's touched on it with great eloquence. I believe, first and foremost, that the Federal Juvenile Delinquency Act is jurisdictional. Hence, anything that that should have charged, anything that the jury found, anything that took place in this trial should have been preceded by a certification by the government. You have already heard Mr. Perez tell you that- I'm not sure I understand. I mean, you say anything that's based on because of what the ages of the defendants- Yes. At the time of the acts alleged in the indictment that- Yes. You're saying that, okay. Because the vast majority, not just the vast majority, but every act that went to the jury, of those acts, one act, as Mr. Perez pointed out, was submitted to the jury and not proven. There were acts that I recognize the government raises in its brief that could have been seen by the jury as committed after the defendants turned 18. My client turned- Why is it inconsistent with the statute for the judge to make the factual determination on the record as a whole about a matter such as jurisdiction based on what acts were committed when as proven by a preponderance during the trial? Except he didn't. Well, he didn't submit it to the jury. Right. The judge made a finding. The only finding that the judge made was in the Rule 29- I'm sorry. If the jurisdictional question is whether there either was a certification, which there was not- Correct. Or if acts were committed that ratified, then why isn't that jurisdictional question one we can look to ourselves? Now, if the question that you are arguing is that that threshold must be found by a jury and you're saying that that aspect of it is jurisdictional- Correct. That's a very different argument from saying that jurisdiction requires that such acts be there. You're saying in order for jurisdiction to exist, a jury must expose charge, find that such acts were met? That's a very unusual kind of jurisdiction. But jurisdiction only exists if a jury finds afterwards that certain things were there? I've never seen another jurisdictional thing go that way. In this case, the jury never had a chance- Your argument seems to be that in order for jurisdiction to exist, you either have to have a jury finding or- A jury finding of ratification. Ratification. Correct. Which means that you try the whole case before you know there is jurisdiction, and jurisdiction is only established at the end of a trial if a jury finds something there. And that's, I just am saying, maybe, but I've never seen a jurisdictional situation in which jurisdiction is only established at the end of a trial. Well, in this case, the government could have very, and the court could have very easily established jurisdiction preceding the trial, preceding any part of this by establishing- By- By giving certification. Handling a jury for the jurisdictional purpose? No, no. I think that what the Federal Jurisdiction, excuse me, what the Federal Juvenile Delinquency Act requires is the jury be instructed certain things by statute. And if the jury is not instructed those things- But what you're then saying, of course, they could have established jurisdiction by doing A. But if jurisdiction exists, if A or B, in effect, the way you're reading it is cutting out or B, because the or B can only be determined at the end of a trial. Do you see what my problem is? I do, Judge, and I recognize it. But that should have been something that the court should have sorted out for the jury. It didn't. And I recognize that some of the fault lay with trial attorneys because we did not think of it until later. And we could have cleared it up, but we didn't. And if the question is jurisdictional, it doesn't matter when we thought of it. The way that such a case should proceed ideally is that the case is tried in the federal court. The court says to itself, I don't know whether I have jurisdiction of this case, but the only way I can find out is from the jury verdict at the end of the trial. So the trial goes through, and then the judge instructs the jury, do you find post-18 confirmative ratification? Correct. The jury answers no. The trial has gone on for how long did this trial take? Five weeks. The trial's gone on for five weeks. The jury says, no, we don't find post-18 ratification. The judge says, well, guess I didn't have jurisdiction. Take this case somewhere else and retry it. That's the way your system works? Well, where would the FJDA's requirement of certification fit in? If the government . . . That's an alternative route. Right, but if they . . . If we rely on what you say is the jury's obligation to make the finding, we're not using the certification route. We're using the post-18 ratification route, and the judge discovers after a five-week trial that the case should have been tried elsewhere. That doesn't sound to me like an ideally designed system. Then, either way, our clients lose. What would you have the court do and what would you have had us do in order to avail our clients of the opportunity to be a judge as juveniles or a judge as adults? Either way, they're entitled to the . . . . . . of post-18 ratification should be something for a court. I mean, the very fact of the layout that Judge LaValle gave you suggests that it is something that a court, like most jurisdictional questions, should focus on and say is there enough to go forward, even though we don't have ratification. But I'm simply looking for a way to our clients to . . . Your question is what can our clients have done? Well, they can have made a motion early in the proceeding at the start, saying, Judge, we make a motion to dismiss this case because the federal court does not have jurisdiction of it. There's been no certification and there were no post-18 ratification acts. Then the court will ask the government, what do you have to assert jurisdiction? The government will say, maybe it'll get certification at that point or it'll say, we can show post-18 certification. The judge maybe has a hearing on post-18 certification and the issue is brought out before the judge at the start rather than after the end of a five-week trial. In an ideal world, you are correct, Judge, absolutely correct. We're in an ideal world, aren't we?  If not in the temple of truth . . . From watching TV over the past couple of weeks, I'm not sure. Oh, careful. I know. In any event, you are correct. There is no question that had that happened at the beginning, we wouldn't be here at least on this issue. But it didn't happen and here we are. And I'm trying to figure out and present to the court what it . . . You have a problem. I know, but my clients . . . I'm trying to figure out if there are other situations like it. Suppose it's a diversity case and at the end of the case, the jury finds somehow that someone is not a citizen. Would that deprive the jury? I'm just trying to think . . . That's comparable. . . . of whether there are other possible cases. I respectfully think that's not comparable because that's a matter of constitutional jurisdiction of the court. This is just a statute that says the federal court is not to try. It's a different type of jurisdictional issue. And that's the kind of case, the one that Judge Calabresi now raises, where the result can be justified that after the proceeding is all over. I know of a case that even went up to the Supreme Court. And when it went up to the Supreme Court for the first time, absence of jurisdiction, absence of diversity was raised and the Supreme Court threw out the trial. But that's not comparable to this. I had a case where 18 years later . . . Perhaps we should hear from the government, unless my colleagues have more questions. Thank you. Thank you very much. You have one minute for rebuttal. Ms. Richards. May it please the Court, Monica Richards for the government. I almost don't want to say a thing about point one on the 924C issue. I think the Court is on to it that the suggestion that was made by Your Honor, that the proper procedure, were there a concern on the defendant's part, would have been to make a motion. And it could have been dealt with pretrial or any time during trial, frankly. What about the 924C? I'm sorry. The juvenile. The juvenile. I'm sorry, on the juvenile issue, the first issue. And the government did do that with regard to one defendant in particular. It wasn't like this was something the government wasn't aware of. There was another defendant in the case who was under age 17 at the time that we initiated the prosecution. And that person, we did follow the certification procedures, and that person was certified as a sealed proceeding and then brought into the case. The case was brought in. So it wasn't that it wasn't out there as a possibility that that could happen, that the certification procedure couldn't be followed. Frankly, that troubles me. If the government was aware of it, then wouldn't it have saved us all an awful lot of trouble if the government in this case, on an issue which is, after all, jurisdictional, statutory jurisdictional, not constitutional, had said to the court, oh, by the way, there is this problem. I mean, just in terms of government behavior, I'm not saying it justifies a reversal, but in terms of government behavior, if a government knew the issue was there and didn't bother to raise it, that's pretty troubling. No, that's with regard to a defendant who was under the age limit at the time of the prosecution. It's referenced in my brief. There was one quote, footnote 9 of my brief discusses that issue. What's your explanation of why the court did have jurisdiction? Because there was no issue here.  It's a conspiracy. Does somebody have to make a finding on that? I mean, it's a factual issue. Did you ask the question of ratification is a factual issue, right? But it wasn't raised. So during the trial, we knew going into it that there was evidence of conduct post-18 activity. You see, that's exactly what troubles me. If it's a factual issue and it wasn't raised, now we can look and see whether there were enough facts and there may well be. But it would certainly have been helpful to us if it was a factual issue, if a court was made aware of it. Clearly, the court was not made aware of it. I disagree. And what troubles me is that you're telling me that the government was sufficiently aware of a question, not a specific, but a question. In another case, related to this one, where they needed certification because a person still was below 17, so couldn't have done anything to ratify. And there you went through that. And knowing that, you didn't help us out. No, but, Your Honor, that's Wong. I'm sorry, but I have to disagree with Your Honor respectfully. That's Wong. Wong says, if the conduct began before 18 and continued after 18, certification is not required. That's the Supreme Court. I am not saying certification was required. I'm just asking why the heck the government, knowing of the issue and knowing that there was a factual question which goes to jurisdiction, didn't do what the government should do because the government is not, as Judge LaValle has said a hundred times, working for the Department of Prosecutions, but is working for the Department of Justice, do what justice would require. Now, it may well be that in this case, it is perfectly okay because the facts were there. But I am still troubled by what the government didn't bother doing. That's asking the government, in every case where there was conduct before age 18, to follow this. And that's not required. I am saying that in a case where the government brought in one defendant, as you just told us, knowing that this was a question and seeing that the other parties wrongly didn't raise it, didn't bother. I'm not saying it decides this case. I'm just saying I'm troubled. Okay. I appreciate Your Honor's concern, and I'll certainly raise it with my office. Let me ask a further question. The issue was raised after verdict and after the jury had been discharged, and this was a case, at least as to some of the defendants, where the vast majority of the conduct was pre-18 and there was a little bit of conduct post-18. And I agree with the government's statement that there was sufficient evidence from which a fact finder could find post-18 ratification at any time that it was raised. But I'm just puzzled. Why didn't the government ask the judge to make that finding when the issue was raised? When the defendant said, hey, you know, the court had no jurisdiction to try us. It wasn't raised until post-trial. That's what I'm saying. I'm sorry. We did say that. Why didn't you then say to the judge, judge, please make the finding that there was ratification post-18? The judge could do that perfectly well. It didn't require the jury. The judge had heard the evidence. The judge could make that finding. And we're not left with a question where we have to be the fact finder of whether there was post-18 ratification. I'm not sure that that's, I mean, I don't think that, I hear the tweak there with regard to the question of ratification. But I'm not sure that what was found here undoes any of that. I still think on the plain error review implication of whether or not there was prejudice or affected a substantial right, that the evidence was more than sufficient with regard to the evidence that occurred after age 18. This being jurisdictional, we probably can find it. And we probably have to look and see if it's enough, because it is jurisdictional. But as Judge LaValle said, normally we would much rather things of fact be decided by the district court rather than making us do it, even though we may have to do it because it is jurisdictional. It's not a question of the result. It's a question of just generalized behavior. I mean, the evidence of the post-18 ratification was, like any other evidence, subject to the possibility of being disbelieved. I mean, a witness, some witness testified to the post-18 conduct, which you properly argue is sufficient to establish ratification. But what if that evidence were disbelieved? What if that evidence were fabricated and were untrue? Is jurisdiction properly exercised when there, in fact, was no post-18 conduct, even though there was evidence of post-18 conduct? I could. If I could contrast this just with a simple drug conspiracy. Here we had a verdict sheet that indicated that had separate acts that had the substantive acts that also had to be found. So that here, but in a case with just a simple drug conspiracy where the conspiracy began before 18 and continued with conduct post-18, that issue, those sort of determinations wouldn't have required a special verdict sheet and a jury finding unless the ratification issue had been raised. I'm not talking about a jury finding. I'm talking about a judge finding. Oh, I'm sorry. I thought you were asking whether or not it was a fact finder. I took that to mean jury. I'm sorry. No, a fact finder. Yeah, a finder of facts. Don't you agree that whether there was ratification after 18 is a fact? Isn't that a fact? It's not a fact? I'm troubled. What is it? I'm troubled by that only because the procedural posture in which we're discussing it in this case. Not all facts have to be decided by juries. There are plenty of facts in law cases that can be decided by courts. But what are you going to call this behavior post-18 if it isn't a fact? What is it, a banana? No, but this is just a threshold determination. This isn't a fact of proof beyond reasonable doubt. I guess maybe that's where I'm sort of hesitating. What does this make? It's still a fact. I mean, this question arises, was there post-18 ratification or was there not post-18 ratification? That's a factual question. I'm not saying it should have been decided by a jury. I am firmly persuaded it didn't need to be decided by a jury and shouldn't be decided by a jury. But that doesn't make it not a fact that needs to be determined by somebody if it's raised. If it's a fact, if your Honor is discussing a fact with regard to the specific requirements, the FJDA, that it's a threshold determination and not something that requires a fact-proven but proof beyond reasonable doubt, then I agree. As long as we don't treat it as an element. It's not an element. It's not an element by any means. Thank you. Thank you. I'm sorry. Thank you. I'm not saying it's an element. I'm well aware it's not an element. It has to do just with the jurisdiction of the court. It has to do with which court should be handling this case. It doesn't have to do with guilt or innocence. But that doesn't deny that it's still a fact subject to dispute whether it's true or not true. I agree. But that's why here what the judge did, I was still trying to get to your Honor's question with regard to the ratification and process that specifically. Here, upon the post-trial review, the judge did determine that the sufficient evidence of a threshold determination for its jurisdiction. And so that's why I don't think, and I'm trying to. You know what the judge said? That there's sufficient evidence? Sufficient information? Evidence? I could quote it, I suppose. But it's sufficient. If the judge said that, why wouldn't you ask the judge? I mean, the sufficiency of the evidence is one type of question. Whether the evidence is believed is another type of question. And whether there, in fact, was ratification is a different question from whether there was sufficient evidence to permit a fact finder to find ratification. Isn't that right? I mean, this is like third day of law school we're talking about. Isn't that correct? I wish this was third day of law school. I might be able to answer your Honor's question. I think that the, I agree that there's a question with regard to how this was approached. But I do, I'm stressing as often as I can that this is. Was there a fact finding, an actual fact finding by the district court that the evidence of, that there was post-18 ratification? It's a very simple question. Was there a fact finding by the district court that there was post-18 ratification? I'm stressing the procedural posture of this case. That was not put to the judge, no. So there was no finding. There could have been a finding. The evidence was sufficient to find, but there was no actual finding. So the question then becomes, in a situation where it is jurisdictional, are we in a position to make that fact finding? Or must we remand to the district court to make such a finding to find that there was jurisdiction? It occurs to me that this goes so far beyond where we are in this issue that's presented to the court right now, is whether or not the jury instruction was correct or incorrect. My opponents aren't even arguing this. Can I ask you a question? So I have in front of me a copy of Government Rule 29, the excerpt on post-majority conduct. You filed a brief that highlighted for the district court the post-majority conduct in response to the Rule 29 motion of the defendants. Is that right? Correct. But in response to that, the district court did what? The district court issued an order that's in the record starting that was argued and argued at page 208 and came to the point where he said, even absent timely objection if the record establishes defendant was under the age 18 when the offense was committed, we discuss conspiracy and then the order is on page 8237. The written order is on page 8237. I'm sorry, page 239. I have the order. Oh, I'm sorry. And it just refers to the transcript of the proceedings on July 25th. So in the transcript of the proceedings that appears between A207 and 234, I'm looking to see whether the court made any mention of that aspect of the Rule 29 discussion. And at 230 to 232, the court, as I said, is dealing with it in the procedural context with which it was presented, that even after a timely objection, if the record establishes the defendant was under age 18, I'd agree with that, but this is not the case here. We come back to the fact. Is there anything in the court's actions, decisions order that we can read properly as at least an implicit decision that there was post-18? Not that there could be, but is there anything in what the court did that would allow us to say the court must have considered that to be valid? I'm looking at A230, where the court says, I mean, as we come back to the fact, once the court has determined that it has subject matter jurisdiction, because the government has satisfied the threshold showing required by Wong that there was post-18 activity, isn't that enough? Doesn't the case then go to the jury? You know, that's in the form of a question, but I wonder whether it is implicit in that statement. I'm asking the same thing. That's what the judge is looking for, yeah. So that even though there wasn't an actual formal finding, we can say that the court implicitly found that that was sufficient? Yes. Yeah. You tell us. I mean, we're giving you some, you know, the presider has given you a nice softball. Are you going to just watch it? I appreciate that. No, I do, but the . . . In any event, you're saying to us that the defendants have not made an argument to us that there was no basis. The defendant's point is this should have been argued to the jury. They're not making the argument that Judge Calabresi and I have been asking you about. Nope. That's your point. Could you take a moment, please, and address the clear error argument on Mr. Hampton's sentence? Why wasn't it clear error? And why didn't you send us a 28-J letter or some reply about Bennett? I can understand why in your initial brief, when Bennett had just come down a few weeks before, you might have missed it. But after there was a reply that mentioned Bennett and Bennett was there, one would usually expect the government to address a case like that. I appreciate the court's concern with regard to my failing on that, but I thought that because it was addressed in the reply brief in the court, I didn't know you were going to be on this panel, Your Honor. But I think that I was content with the concept that the court was aware of it since it was raised in my opponent's brief. With regard to the clear error, I don't disagree that this was a case where level 40 was correct. But I do think that even if this court so chooses to consider the entire matter and vacate both of the decisions, that's okay. I wouldn't object to that. This would be a very different case if the appeal on the initial issue had all gone and had been done. No appeal was taken, and then years later, because of a change in the guidelines, Hampton comes in and says, I have a right to reduce my sentence to 392. And then says, and by the way, I should have had a right to reduce it still further because the initial sentence was wrong. That would be a very difficult question of whether he could then challenge the initial sentence. But that isn't how this case is here. This case is an appeal originally. So why does he lose his right to say my initial sentence was wrong just because the guidelines have come in and he's taken advantage of something else? I don't think he did. And I think I addressed it. But I think that my point was that with that intervening in this, I call that an anomalous procedural posture here that Your Honor just described, that the best he can do is the 292. No, he can do better because knowing what the guidelines are now with 392 at the bottom, what the guide, I'm sorry, should have been with 392 or 292. Sorry. At the bottom, the district court could have, as in Bennett, doesn't need to, but could have gone below that. Maybe he will. Maybe he won't. But why does he lose his chance to ask the district court to do what happened in Bennett? If, again, Your Honor, that's all I can say is what I said in my brief. If that's the court's decision is to vacate both decisions, I'm not going to file any sort of motion for reconsideration or rehearing. But if- But I was troubled by what you said at that point. That is, that at that point, you might make an argument that you didn't make that you would get, that he shouldn't get advantage thereafter if that is relevant of the changes in guidelines, which sounds pretty drastic to me. I certainly didn't intend it that way. And I spoke to my opponent before argument. I certainly didn't intend it that way. All that I was saying was based on the ineligibility for the 3582C. He would have been ineligible for that relief at that point. Thank you. Thank you. I'm sorry for stretching this out and keeping you here longer, but I wonder what you have to say in answer to the 924C arguments that were made. I think that the issue with the 924C, and I understand it with regard to the sort of conspiracy on top of conspiracy discussion. But courts, I think my initial thought on that was that, after reading the reply brief especially, was that courts have long recognized conspiracies to commit substantive offenses pose as great or greater dangers to society, that the collective agreement to do something. So even though this was a conspiracy to commit murder and it was a RICO conspiracy, looking to the object of that conspiracy, we can't deny that here we were talking about murder. We were talking about the ultimate use of force or threat of use of force case, regardless of which prong of 924C3's definition we're looking at for crime of violence. So here, there's nothing that calls into question that use of force prong. The 924C applies either with respect to a drug dealing crime or a crime of violence. Use of force. Well, this counts specifically where it's challenged because Hampton specifically wasn't convicted with regard to the, he wasn't convicted on the count four as it went to the jury. So that was the RICO conspiracy. Oh, I see what you mean. I'm sorry. I see what you mean. But the jury, right, the findings have proven related to, yes, both the murders, the attempted murders, and then the drugs, yes. I'm sorry. The RICO conspiracy, you'd still look to the object, and that's different than looking at substantive acts. When we talk about the RICO offenses, we look at the substantive acts. And this jury was specifically instructed with regard to count four, the 924C count, was specifically instructed that in order to convict on that count, it had to find specific crimes of violence. And those crimes of violence included the murder and the attempted murders. And they did find so proven with regard to three of four, with regard to two of the defendants, and all four with regard to two defendants. So this is different. This isn't the case to make the argument that there's some problem with the specific finding, the object of the offense, because here the district court clearly instructed the jury before it could convict it had to find these crimes of violence as proven. Do you think the residual clauses- That's not in play. Anything further? Very good. Thank you very much. We'll hear rebuttal. Mr. Perez, please. Unless the court has any questions for me, I'll rest on my main argument and my brief. Very good. Thank you. Thank you. And Mr. Wicks. The same, Judge. Unless there are any questions, I rest my brief. Very good. Thank you very much. Well argued, everyone. Thank you. We will reserve decision. We were rather hard on you, but remember that's just our job.